UNITED STATES BANKRUPTCY COURT
                   FOR THE SOUTHERN DISTRICT OF IOWA


| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| DUANE E. BARTLETT, ) | |
| ) | Bankruptcy No. 07-00939 |
|     Debtor. ) | |
| _____ ) | |
| TRUSTEE ANITA SHODEEN, ) | |
| ) | Adversary No. 08-30037 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DUANE E. BARTLETT, NUHOMES ) | |
| PROPERTIES, L.C., and ) | |
| BEVERLY TROUTNER BARTLETT, ) | |
| ) | |
|     Defendants. ) | |

## ORDER RE: MOTIONS TO DISMISS
### (Docs. 12, 19 and 22)

    This matter came before the undersigned on April 29, 2008 on Motions to Dismiss filed by Defendants. Plaintiff/Trustee Anita Shodeen was represented by Attorney Randy Armentrout. Attorney Sean Heitmann represented Defendant/Debtor Duane E. Bartlett. Attorney Ethan Kaplan represented Defendants NuHomes Properties and Beverly Bartlett. After hearing the arguments of counsel, the Court took the matter under advisement. The time for filing briefs has passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

### STATEMENT OF THE CASE

    Defendants NuHomes Properties, L.C. and Beverly Bartlett filed a Motion to Dismiss asserting this action is barred by the statute of limitations. Defendant Duane Bartlett also filed a Motion to Dismiss. He asserts Trustee is barred by the 5-year statute of limitations from seeking to avoid transfers occurring in February 2002. He argues the discovery rule does not apply. Trustee responds that, under the discovery rule, the statute of limitations was tolled until facts were discovered in 2007. She asserts issues of fact preclude dismissal.

**STATEMENT OF FACTS**

Trustee's complaint seeks to avoid fraudulent transfers and conveyances between the Defendants.  The transfers include 1) Debtor's transfer of his interest in Bartlett Property Management, LC to Defendant Beverly Bartlett as evidenced in Articles of Organization filed on February 20, 2002 and 2) a deed transferring real estate from Bartlett Property Management to Defendant NuHomes Properties recorded on February 22, 2002.  Debtor filed his bankruptcy petition on March 25, 2007 and Trustee commenced this adversary proceeding on March 14, 2008.

Defendants argue that Trustee's claim was extinguished on February 22, 2007 by the five-year statute of limitations.  Trustee's complaint asserts that Trustee's claim was not discovered until March 16, 2007 during a witness exam of Defendant Beverly Bartlett.  Defendants argue that the filing of the Articles of Organization and recording of the deed in February 2002 constitute constructive notice to creditors of the alleged transfers.

In her response to the Motions to Dismiss, Trustee asserts at least five properties have been acquired or transferred by Defendants within five years of the commencement of this action.  At the hearing, Attorney Heitman conceded that at least two transfers occurred in the last five years.  Trustee argues that issues of fact require denial of Defendants' motions to dismiss.  She asserts discovery is needed to complete the factual picture regarding all the transfers of property by and between Defendants.

**CONCLUSIONS OF LAW**

Defendants assert Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6).  Fed. R. Civ. P. 12; Fed. R. Bankr. P. 7012(b).  The issue under Rule 12(b)(6) is whether the plaintiff is entitled to offer evidence in support of its claims, not whether the plaintiff will ultimately prevail. Schuster v. Anderson, 413 F. Supp. 2d 983, 995 (N.D. Iowa 2005).  A court should grant the motion and dismiss the action "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 457 U.S. 69, 73 (1984); Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997).  The factual allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 163-65 (1993); Springdale Educ.

Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

Generally, a Rule 12 motion to dismiss may be granted when a claim is barred under a statute of limitations where the dates in a complaint show the action is barred. Varner v. Peterson Farms, 371 F.3d 1011, 1018 (8th Cir. 2004). A statute of limitations defense, however, may require a factual inquiry beyond the face of the complaint. Chisholm v. United of Omaha Life Ins. Co., 514 F. Supp. 2d 318, 324 (D. Conn. 2007).

### IOWA'S UNIFORM FRAUDULENT TRANSFER ACT

The party seeking to establish a statute of limitations defense must specifically plead it and has the burden of proving it. Beeck v. Aquaslide 'N' Dive Corp., 350 N.W.2d 149, 157 (Iowa 1984); Cuthburtson v. Harry C. Carter Post No. 839, 65 N.W.2d 83, 87 (Iowa 1954). Trustee's Complaint seeks to avoid fraudulent transfers under Iowa Code Chapter 684, the Iowa Uniform Fraudulent Transfer Act. Under the UFTA, a plaintiff may bring an avoidance action within five years of the date of the transfers. In re Schaefer, 331 B.R. 401, 416 (Bankr. N.D. Iowa 2005); Iowa Code § 684.9.

Section 684.9 includes a "discovery rule" as an alternative to the five-year limitations period, allowing a claim to be brought "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." Iowa Code § 684.9(1). In Innk Land & Cattle Co. v. Kenkel, 493 N.W.2d 818, 820 (Iowa 1993) (applying fraudulent transfer law in effect prior to adoption of the UFTA), the Court found summary judgment was precluded by an issue of fact as to when a judgment creditor knew of fraudulent transfers. The Iowa Supreme Court has also stated that dismissal was not appropriate where, "[w]ith facts of inability for discovery pled, coupled with allegations of fraud, the [plaintiffs] have sufficiently placed the onset of the statute of limitations in dispute." Rieff v. Evans, 630 N.W.2d 278, 291 (Iowa 2001).

### ANALYSIS

Viewing the complaint in the light most favorable to Trustee, the Court finds that dismissal based on the statute of limitations is not appropriate at this time. The complaint asserts that creditors could not have discovered the fraudulent transfers until a witness exam of Defendant Beverly Bartlett occurred on March 16, 2007. This is within one year of the date Trustee filed her complaint under Iowa Code sec. 684.9(1).

Trustee has sufficiently placed the onset of the statute of limitations in dispute to avoid dismissal at this stage of the proceedings.

Defendants concede that some transfers occurred within the five-year limitations period. Trustee's claims regarding those transfers will continue to be litigated. In these circumstances, Trustee is entitled to develop the record on all her claims. Defendants may assert the statute of limitations defense in their pleadings and present the issue to the Court when the record is more developed.

**WHEREFORE,** the Motions to Dismiss filed by Defendants NuHomes Properties and Beverly Bartlett and by Debtor/Defendant Duane Bartlett are DENIED without prejudice to raising the statute of limitations defense later in these proceedings.

DATED AND ENTERED: May 13, 2008

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE