```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
DUANE E. BARTLETT,               )
                                 )    Bankruptcy No. 07-00939
     Debtor.                     )
_____)
ANITA SHODEEN, Trustee,          )
                                 )    Adversary No. 08-30037
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
DUANE E. BARTLETT, NUHOMES       )
PROPERTIES, L.C., and BEVERLY    )
TROUTNER BARTLETT,               )
                                 )
     Defendants.                 )
```

**ORDER RE: MOTION TO ENFORCE JUDGE'S ORDER TO COMPEL
AND APPLICATION FOR SANCTIONS**

This matter came before the undersigned for telephonic hearing on January 23, 2009. Plaintiff/Trustee Anita Shodeen was represented by Randy Armentrout and Kristina Stanger. Attorney Sean Heitmann appeared for Debtor/Defendant Duane Bartlett. Attorney Barry Kaplan represented Defendants Beverly Bartlett and NuHomes Properties, L.C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

**STATEMENT OF THE CASE**

Plaintiff's complaint seeks to avoid fraudulent transfers from Debtor Duane Bartlett and his former company, Bartlett Property Management, L.C., to his wife, Defendant Beverly Troutner Bartlett, and to a corporation, Defendant NuHomes Properties, L.C., Counts I, II and III. It also seeks to pierce the corporate veil of NuHomes and Bartlett Property to void transfers and mortgages, Counts IV and V. Count VI of Plaintiff's complaint requests a temporary injunction to enjoin Defendants from disposing of assets.

In an Order entered November 24, 2008, the Court granted Plaintiff's Motion to Compel. The Order compels Defendants to sign authorizations allowing Plaintiff to acquire tax returns and provide adequate responses to outstanding discovery requests.

The Order further states:  "Failure to provide adequate discovery in this matter may result in sanctions other than monetary sanctions including limitations on evidence at trial or default judgment."

Plaintiff now moves to enforce the Order granting the Motion to Compel.  She states that Debtor Duane Bartlett did not sign all tax authorizations requested, failed to update his address, failed to produce bank statements and failed to fully answer Interrogatory Number 25 and produce documents regarding rental obligations.  The Motion also states Beverly Bartlett and NuHomes failed to fully respond to discovery.  At the hearing, based on statements of counsel, the Court concluded that these two Defendants have made good faith efforts to respond to the Order on the Motion to Compel and Plaintiff's discovery requests.

Debtor Duane Bartlett, however, has not provided the information requested.  Plaintiff asks that the Court enforce its November 24, 2008 order and grant sanctions against Debtor, including payment of attorney fees and expenses as well as limits on Debtor's evidence and testimony at trial or entry of default judgment against Debtor.

## CONCLUSIONS OF LAW

The court may, in its discretion, impose a variety of sanctions for a party's failure to respond to requests for discovery.  _International Broth. of Elec. Workers v. Hope Elec. Corp._, 380 F.3d 1084, 1105 (8th Cir. 2004); Fed. R. Civil P. 37 (made applicable in adversary proceedings by Fed. R. Bankr. P. 7037).  "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party."  _Chrysler Corp. v. Carey_, 186 F.3d 1016, 1019 (8th Cir. 1999).  Dismissal or default is available as a sanction where the failure to cooperate in discovery is willful and contumacious and causes substantial prejudice to another party.  _In re O'Brien_, 284 B.R. 452, 458 (E.D. Mo. 2002).  Sanctions are available to both penalize recalcitrant parties and to deter other sanctionable conduct.  _National Hockey League v. Metropolitan Hockey Club, Inc._, 427 U.S. 639, 643 (1976).

In this case, Debtor has blatantly refused to comply with the Court's order compelling answers to discovery and Plaintiff's repeated requests for information.  Plaintiff has had to resort to the time and expense of third-party subpoenas to obtain Debtor's financial information.  Debtor signed one of two authorizations for Plaintiff to receive information from the IRS.

He outright refuses to sign the other authorization.  Even on a matter as simple as his address, Debtor refuses to cooperate.  He has only give his own attorney a P.O. Box in Marshalltown, Iowa while indicating that he is living in Texas, California or Arizona.

The Court notified Debtor that his failure to cooperate with discovery could result in default judgment being entered in the Order granting Plaintiff's motion to compel.  Debtor has not changed his conduct in response to that order.  Default judgment against Debtor is appropriate based on his willful, contumacious actions in refusing to respond to Plaintiff's requests for information and obey the Court's Order.

**WHEREFORE,** Plaintiff's Motion to Enforce Judge's Order to Compel and Application for Sanctions is GRANTED.

**FURTHER,** the Court grants default judgment for Plaintiff Anita Shodeen against Debtor/Defendant Duane E. Bartlett on Counts I through V of the Complaint.

**FURTHER,** default judgment is not appropriate on Count VI of the Complaint which requests a temporary restraining order.

**FURTHER,** Plaintiff is directed to submit a proposed order to the Court identifying the specific relief sought in the Complaint against Debtor Duane Bartlett for inclusion in the default judgment.

**FURTHER,** the deadline for discovery is extended to May 1, 2009.  The deadline to file a pre-trial statement is June 1, 2009.

DATED AND ENTERED: February 10, 2009

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE